**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-1178**

───────────

JAMES LEE KEITH,

        Plaintiff - Appellant,

    v.

VOLVO GROUP NORTH AMERICA, LLC, d/b/a Volvo Trucks North America,

        Defendant - Appellee.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:20-cv-00521-EKD-RSB)

───────────

Submitted:  February 22, 2024              Decided:  March 20, 2024

───────────

Before GREGORY and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Thomas E. Strelka, L. Leigh Rhoads, Brittany M. Haddox, Monica L. Mroz, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Ellison F. McCoy, D. Randle Moody, II, JACKSON LEWIS PC, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lee Keith appeals the district court's order granting summary judgment to his employer, Volvo Group North America, LLC ("Volvo"), on his claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213. Finding no reversible error, we affirm the district court's order.

We review a district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). And we may affirm "on any ground apparent on the record." *Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019).

2

We conclude that the district court did not err in finding that Keith was not a qualified individual under the ADA.[*] To establish a cognizable ADA claim—whether based on a failure to accommodate or other unlawful discrimination—a plaintiff must establish that they were a "qualified employee with a disability." *See Laird v. Fairfax Cnty.*, 978 F.3d 887, 892 (4th Cir. 2020). A "qualified individual" is one who "can perform the essential functions of the employment position they hold or desire, either with or without reasonable accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238 (4th Cir. 2021) (cleaned up). To determine whether a plaintiff satisfies this requirement, courts must consider: "(1) whether [they] could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue, and (2) if not, whether any reasonable accommodation by the employer would enable [them] to perform those functions." *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994) (internal quotation marks omitted). "A job function is essential when 'the reason the position exists is to perform that function,' when there aren't enough employees available to perform the function, or when the function is so specialized that someone is hired specifically because of his or her expertise in performing that function." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 579 (4th Cir. 2015) (quoting 29 C.F.R. § 1630.2(n)(2)(i)).

---

[*] For purposes of this analysis, we assume without deciding that the district court erred in concluding that Keith was judicially estopped from asserting that he was a qualified individual based on his representations in applying for long-term disability ("LTD") benefits. *See EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 379 (4th Cir. 2000); *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805-07 (1999).

"[T]he decision about a position's essential functions belongs, in the first instance, to the employer; it accordingly merits considerable deference from the courts." *Elledge v. Lowe's Home Ctrs., LLC*, 979 F.3d 1004, 1009 (4th Cir. 2020) (internal quotation marks omitted). "While the ADA identifies a position's written job description as relevant to the employer's judgment on this question, it does not posit that description as dispositive." *Id.* (citation omitted). Thus, courts "must consult the full range of evidence bearing on the employer's judgment, including the testimony of senior officials and those familiar with the daily requirements of the job." *Id.*

We agree that Keith was not a qualified individual because he failed to create a genuine dispute of material fact that lifting 50 pounds or bending were not essential functions of the Engineering Technician position he sought. In his deposition, Keith agreed that lifting 50 pounds was one of the essential functions. A Volvo nurse also explained that she personally observed work in the BIW department and concluded that Keith could not perform the job functions because of his significant bending restrictions. And although the written job description was created after this litigation began, it provided a specific lifting requirement (just under 40 pounds) that was well above Keith's 20-pound restriction. *See Stephenson v. Pfizer, Inc.*, 641 F. App'x 214, 220 (4th Cir. 2016) (No. 14-2079) (argued but unpublished) (recognizing "a written job description prepared after advertising or interviewing applicants for the job could be relevant evidence of whether a particular function is essential"). While Keith tried to counter this evidence with his coworker's deposition testimony that Keith could perform the essential functions of the position, his coworker relied on Keith's assertions contradicting the limitations provided

4

by Keith's doctor—limitations Keith agreed were necessary. A plaintiff cannot create a genuine dispute of material fact by contradicting his own statements. *See Erwin v. United States*, 591 F.3d 313, 325 n.7 (4th Cir. 2010). The district court thus correctly found that Keith was not a qualified individual under the ADA.

Most aspects of Keith's failure-to-accommodate claim fail because Keith could not perform the essential functions of the Engineering Technician position. But Keith also contends that Volvo's offer to place him in his old position shows that it did not engage in a meaningful interactive process. To prove a failure-to-accommodate claim under the ADA, a plaintiff must establish: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (cleaned up). The applicable collective bargaining agreement required Volvo to return Keith to his prior position if possible. Reassignment is also "an accommodation of last resort." *Elledge*, 979 F.3d at 1014 (internal quotation marks omitted). Thus, Volvo's offer to return Keith to his prior position when he claimed he had no work restrictions was not made in bad faith.

While employers have "a good-faith duty to engage with their employees in an interactive process to identify a reasonable accommodation," *Jacobs*, 780 F.3d at 581 (cleaned up), "[a]n employer may reasonably accommodate an employee without providing the exact accommodation that the employee requested" and "may provide an alternative reasonable accommodation," *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407,

5

415 (4th Cir. 2015). In other words, "the employer has the ultimate discretion to choose between effective accommodations." *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019) (internal quotation marks omitted). Moreover, a failure to engage in the interactive process, without more, cannot support an independent ADA claim. *Jacobs*, 780 F.3d 581; *see also Wilson*, 717 F.3d at 347.

When Keith first expressed interest in returning to work, Volvo began the interactive process. But it was clear from the beginning that Keith wanted only one thing—the Engineering Technician position. All of his actions, including having his doctor fill out multiple medical forms with shifting restrictions, was to shoehorn his way into the position. Volvo considered Keith's limitations and determined it had no positions for him. And it continued to allow him to accrue LTD benefits after considering his return. Thus, we discern no cognizable breakdown in the interactive process.

Finally, we agree that Keith failed to exhaust his administrative remedies as to his interference claim. A plaintiff must exhaust their administrative remedies before filing a lawsuit raising an ADA claim. *Syndor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012). A plaintiff does so by first filing a charge of discrimination with the EEOC or equivalent state agency. *See id.*

The ADA's exhaustion requirements are identical to those applied to Title VII claims. *See id.* Accordingly, an EEOC charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005) (internal quotation marks omitted). In other words, "[o]nly those discrimination claims stated in the initial charge, those

6

reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Although the EEOC form did not have a box labeled "interference," the narrative portion of Keith's charge solely relates to his failure-to-accommodate claim. The charge said nothing about Volvo threatening to terminate his employment. *See Miles v. Dell, Inc.*, 429 F.3d 480, 492 (4th Cir. 2005) (holding plaintiff failed to exhaust retaliation claim where the charge did "not remotely allege that [a manager] retaliated against [the plaintiff] because she had complained of his discriminatory conduct to his supervisor, and it d[id] not otherwise allege facts that would have put [the employer] or the EEOC on notice that she was charging [the employer] with retaliation"). And Keith's pro se status cannot excuse his failure to allege any facts suggesting an interference claim. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001); *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996).

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7